UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

D'WANNA WILLIAMS,
an individual,

    Plaintiff,

CASE NO:

vs.

ISSA ENTERPRISES, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, D'WANNA WILLIAMS ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues ISSA ENTERPRISES, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.      Plaintiff, D'WANNA WILLIAMS (hereinafter referred to as "WILLIAMS") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA.  WILLIAMS suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and has had amputation of both of her legs and requires a wheelchair for mobility.  Prior to instituting the instant action, WILLIAMS visited the Defendant's premises at issue in this matter on numerous occasions, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  WILLIAMS continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, ISSA ENTERPRISES, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama.  Upon information and belief ISSA ENTERPRISES, LLC, (hereinafter referred to as "ISSA") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Marathon Gas Station

2

and Convenience Store located at 2260 Pelham Parkway, in Pelham, Alabama (hereinafter referred to as the "Convenience Store").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Convenience Store owned by ISSA is a place of public accommodation in that it is a retail Convenience Store operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Convenience Store in derogation of 42 U.S.C §12101 *et seq.*

9. The Plaintiff has been unable to and continues to be unable to enjoy

access to, and the benefits of the services offered at the Convenience Store owned by ISSA. Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Convenience Store at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Convenience Store, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Convenience Store in violation of the ADA. WILLIAMS has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing, deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. ISSA is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i. The accessible parking space is not located on the shortest

        accessible route to the entrance of the Convenience Store, but is located on the side of the Convenience Store;

ii. The accessible parking space is not designated with raised signage and is located on severe cross slopes that are too steep for a wheelchair user;

iii. There is no accessible route between the existing parking space containing some indicia of accessibility and the main entrance to the Convenience Store that does not require a wheelchair user to travel around the Convenience Store through the vehicular way of the parking area;

iv. The entry ramp is located directly in front of the main entry, around the Convenience Store from the current parking with some indicia of accessibility and has flared sides that are too steep for a wheelchair user;

v. There is a slope in the maneuvering space of the entry doors due to a ramp up to the doors such that no level maneuvering space is provided for a wheelchair user, as is necessary for a wheelchair user to enter independently;

vi. The tables on the interior and exterior have no knee and toe clearance for a wheelchair user;

vii. The accessible route to the public toilet room entry doors is obstructed by boxes stacked in front of the toilet rooms such that a wheelchair user cannot enter the toilet rooms;

viii. The rear grab bars at the water closets in the public toilet rooms are too short;

ix The public toilet room entry doors contain locking hardware that requires tight grasping, pinching and twisting of the wrist to operate;

      x.      The public toilet rooms lack accessible hardware;

12.    There are other current barriers to access and violations of the ADA at the Convenience Store owned and operated by ISSA that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, ISSA was required to make its Convenience Store, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, ISSA has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to

make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against ISSA and requests the following injunctive and declaratory relief:

> A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;
>
> B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;
>
> C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;
>
> D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and
>
> E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 16th day of July, 2021.

                                            Respectfully submitted,

                                            By: */s/ Edward I. Zwilling*
                                            Edward I. Zwilling, Esq.
                                            AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com